IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF ROBERT L. FELTON, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:14-cv-21-WKW-WC ) |
| UNITED STATE OF AMERICA, | ) ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 9, 2014, Plaintiffs filed this complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, naming the United States of America as the Defendant. On January 17, 2014, the District Judge entered an Order (Doc. 5) referring the case to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate.

In response to the Complaint, Defendant filed a Motion to Dismiss.  Mot. (Doc. 9). On March 20, 2014, the court entered an order (Doc. 11) instructing Plaintiffs to file a response to the motion to dismiss on or before April 3, 2014.  On March 31, 2014, Plaintiffs filed a Motion for Extension of Time to File a Response (Doc. 12).  The court entered an order (Doc. 13) granting in part Plaintiffs' request for an extension, instructing Plaintiffs to file a response by April 17, 2014.  Plaintiffs failed to respond.

On April 23, 2014, the undersigned gave Plaintiffs another opportunity to respond to the motion to dismiss and issued an order directing Plaintiffs to file a response by May

2, 2014.  *See* Order (Doc. 14).  Plaintiffs were advised that "***failure to abide by this order will result in this court recommending that this case be dismissed for failure to abide by the orders of this court and abandonment of claims.***"  *Id.* at 1 (emphasis in original).

Federal trial courts have inherent authority to manage their own dockets "so as to achieve the orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  Citing to Rule 41(b) of the Federal Rules of Civil Procedure, the United States Court of Appeals for the Eleventh Circuit has held that the court "may dismiss a claim if a plaintiff fails to prosecute it or comply with a court order."  *Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).  The Eleventh Circuit has further noted that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."  *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).[1]

The time allotted Plaintiffs for the filing of a response expired on May 2, 2014.  As of the present date, Plaintiffs have filed nothing in opposition to Defendant's motion to dismiss as required by this court's March 20, 2014 and April 23, 2014 orders to show cause.  (Docs. 11 & 14).  In view of Plaintiffs' failure to respond to the Defendant's motion or the orders of the court, it appears that Plaintiffs have abandoned their claims.  Thus, the court concludes that Plaintiffs' abandonment of their claims, failure to comply

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

with the orders of this court, and failure to properly prosecute this cause of action warrant dismissal of this case. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); s*ee also West v. City of Fort Myers*, 2008 WL 360777 (M.D. Fla. Feb. 8, 2008) (court *sua sponte* dismissed complaint without prejudice to renew for failure to prosecute and respond to court's order to show cause). The court finds that lesser sanctions than dismissal will not suffice in this case as it is apparent that any additional effort by this court to secure Plaintiffs' compliance would be unavailing.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiffs' abandonment of their claims and failure to respond to the orders of the court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 22, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except

upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 8th day of May, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE